```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DANTE SEAN WOOTEN | : | NO. 19-455 |

MEMORANDUM

Bartle, J.                                       October 18, 2023

Petitioner Dante Sean Wooten has filed a pro se letter request for early termination of his supervised release. The request, which the Government opposes, is governed by 18 U.S.C. § 3583(e)(1).

Petitioner pleaded guilty to one count of wire fraud (18 U.S.C. § 1343), two counts of wire fraud and aiding and abetting (18 U.S.C. §§ 1343, 2) and one count of identity theft and aiding and abetting (18 U.S.C. §§ 1028A(a)(1), (c)(5)).

The Court sentenced him to prison for twenty-four months and one day to be followed by two years of supervised release. He was ordered to pay restitution in the amount of $34,900.93 to the victims of his fraud. Petitioner has served his prison term and has been on supervised release since March 3, 2022.

Petitioner argues that his supervised release should be terminated "based on [his] positive growth, sincere remorse, and unwavering dedication towards leading a law-abiding life."

Specifically, he recounts that he has built a company in Atlanta and has "upheld all [his] financial obligations." He concludes his letter by stating, "[i]f given this chance, I pledge to continue striving for the betterment of myself and those around me."

> Section 3583(e)(1) provides:
>
> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

The factors outlined in Section 3553(a) which the court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent

> policy statements issued by the United
> States Sentencing Commission; (5) the need
> to avoid unwarranted sentence disparities
> among defendants with similar records who
> have been found guilty of similar conduct;
> and (6) the need to provide restitution to
> any victims of the offense.

See United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020); 18 U.S.C. § 3553(a).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sent'g Guidelines Manual § 5D.1.1 (U.S. Sent'g Comm'n 2021). In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)). Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in Section 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See 18 U.S.C. §§ 3553(a)(2)(A), 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53. While this court must consider the factors found in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

The Court commends petitioner for turning his life around and for becoming a law-abiding and productive citizen of Atlanta. Nonetheless, he committed serious crimes. See Melvin, 978 F.3d at 52 (first factor); 18 U.S.C. § 3553(a)(2)(A). In the Court's view, his two years of supervised release, which are part of his sentence, were appropriate when imposed and are still appropriate. See 18 U.S.C. § 3583(a). Among other considerations, he owes over $34,000 in restitution. See Melvin, 978 F.3d at 52 (sixth factor); 18 U.S.C. § 3553(a)(7). Furthermore, he has not demonstrated any undue hardship.

On balance, petitioner has not met his burden of proof for early termination of his supervised release. It is not in the interest of justice to grant his request. Accordingly, petitioner's motion will be denied.